[Civ. No. 10057.   Third Dist.   Nov. 1, 1960.]

GLEN V. LOWRY et al., Petitioners, v. SUPERIOR COURT OF SOLANO COUNTY et al., Respondents.

Johnson & Harmon for Petitioners.

No appearance for Respondents.

PEEK, J.—This is a petition for a writ of mandate to compel the Honorable Harlow V. Greenwood, a judge of the respondent court, to vacate an order denying petitioners' motion to disqualify said judge and to enter an order granting the same. No return has been made by respondent.

From the petition, which is thus uncontroverted, it appears that petitioners commenced their action on May 13, 1957, and it was assigned by the clerk of said court to Department Number 1, Judge Greenwood presiding.

On March 10, 1958, petitioners moved to impose sanctions upon certain of the defendants because of their refusal to obey a discovery order and their failure to appear for the taking of depositions. No ruling was made by the court upon said motion until more than 14 months thereafter, or May 12, 1959.

On August 21, 1958, the real parties in interest demurred to one of the causes of action set forth in plaintiffs' amended complaint and at the same time filed notice of motion for judgment on the pleadings. No ruling was made on the latter motion until nearly nine months thereafter, or May 12, 1959, and no ruling was made on the demurrer until approximately 19 months thereafter, or April 12, 1960, and then not until after the delay in ruling upon either matters had been called to the attention of the court and the clerk on several occasions.

While the demurrer in this action was pending and under submission, there was also pending in the same court, but in another department, a separate and distinct action for fraud. One of the defendants in that proceeding was also a defendant in the present action. When the second action came on for trial, Judge Greenwood appeared and gave testimony as a character witness on behalf of said defendant. It further appears that counsel for plaintiff herein was likewise counsel for plaintiff in the other proceeding.

Apparently, by reason of the above mentioned circumstances, plaintiffs' counsel on June 17, 1960, and prior to the present case being set for trial, filed a notice of motion that he would move for an order transferring said cause to another department of said court upon the grounds of prejudice. The motion was supported by an affidavit of one of the peti-

tioners, wherein it was averred that he believed he could not have a fair and impartial trial before said judge.

"Section 170.6 of the Code of Civil Procedure provides that no judge shall try any action or special proceeding when it is established by an affidavit that he is prejudiced against a party or attorney so that the party or attorney cannot, or believes he cannot, have a fair and impartial trial before such judge. Facts showing prejudice need not be alleged or proved, and, where a timely motion to disqualify is made, supported by an affidavit alleging prejudice, the case or matter, without any further act or proof, *must be* assigned to another judge for trial or hearing. . . ." (Emphasis added.) (*Jacobs* v. *Superior Court,* 53 Cal.2d 187, 190 [347 P.2d 9].)

Additionally, the statute provides that where the judge to whom the case has been assigned is known at least 10 days prior to the trial date ". . . the motion shall be made at least five days before that date."

Here plaintiffs' motion was supported by a sufficient affidavit and obviously was timely, since it was made prior to the setting of the cause for trial. It necessarily follows that the trial court had no alternative but to grant the motion. (*Jacobs* v. *Superior Court, supra*; *Johnson* v. *Superior Court,* 50 Cal. 2d 693 [329 P.2d 5].)

Let the writ of mandate issue directing respondents to assign the case for trial to a judge other than Judge Harlow V. Greenwood.

Van Dyke, P. J., and Schottky, J., concurred.