[Crim. No. 7664.   Second Dist., Div. Four.   Nov. 14, 1961.]

THE PEOPLE, Respondent, v. HAROLD GEORGE SMITH, Appellant.

Ellery E. Cuff, Public Defender, Richard S. Buckley and James L. McCormick, Deputy Public Defenders, for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

BURKE, P. J.—May a defendant file an affidavit under section 170.6 of the Code of Civil Procedure to disqualify a judge from hearing a purported violation of probation where the judge has had no previous connection with the case? This is the basic issue presented in this appeal.

On August 27, 1959, defendant was convicted of a violation of section 480 of the Vehicle Code, a felony. Judge Bayard Rhone, who tried the case, granted defendant probation for a term of three years with one of the conditions being that he spend ninety days in the county jail.

Defendant was subsequently convicted of battery in the municipal court and thereupon was returned to the superior court for possible modification of probation. A hearing on the report of the probation officer was held on November 21, 1960, before Judge Gregory P. Maushart. Probation was modified to the extent that defendant was ordered to submit to treatment by the Veterans Administration and not to annoy or molest his wife—all other conditions of probation to remain the same.

On February 28, 1961, the probation officer filed a further report recommending modification of probation, alleging that defendant had been arrested for being drunk. Imposition of sentence on this charge was suspended by the Los Angeles Municipal Court on November 30, 1960, and one-year summary probation was ordered.

The modification of probation by the superior court came on for hearing before Judge Joseph L. Call on March 1, 1961. Defendant was present but not represented by counsel. Judge Call revoked probation and sentenced defendant to state prison for the term prescribed by law on the violation of section 480 of the Vehicle Code.

On March 3, 1961, on the court's own motion, Judge Call returned defendant to the court, declared the sentence theretofore imposed on March 1, 1961, to be void and set it aside. The court appointed the public defender to represent defendant and on motion of defendant's attorney the matter was continued to March 6, 1961.

On March 6, 1961, defendant filed an affidavit pursuant to section 170.6 of the Code of Civil Procedure alleging Judge Call to be prejudiced against him. The affidavit was ordered stricken by the judge who took the position that such an affidavit could not be filed after the trial on the original charge had been commenced; that the same reasoning would apply on a hearing on modification or revocation of probation as would pertain to a motion for new trial; that the modification or revocation of probation proceedings were all continuations of the original trial and not a separate proceeding or hearing in the meaning of section 170.6, Code of Civil Procedure.

Had the hearing on the modification or revocation been before the judge who had tried the case, then undoubtedly the reasoning of *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [1 Cal. Rptr. 9, 347 P.2d 9], and *McCauley* v. *Superior Court,* 190 Cal. App.2d 562 [12 Cal.Rptr. 119], would be applicable. If, after determination of a case by a judge, his disqualification for prejudice "were permitted under section 170.6 in matters which are continuations of a prior proceeding, it would mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified from hearing such matters as motions for modification of a support order or an injunction, as well as motions for change of custody of children. Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." (*Jacobs* v. *Superior Court, supra,* 53 Cal.2d at p. 191.)

In the case before us, however, Judge Call was not the judge who tried the case originally or who heard the first modification of probation. Counsel asked for time, which was granted, to file an affidavit under section 170.6 Code of Civil Procedure. This was done the very first time he appeared with defendant before Judge Call. Defendant had not previously exercised his right to file an affidavit under this section. To deny him this right would be contrary to the intent and purpose of the section.

At the hearing on March 6, 1961, defendant's counsel also made a motion to have the matter transferred to Judge Bayard Rhone's department for hearing. Judge Call properly denied this motion since that judge was no longer sitting in a department trying criminal cases. This was in compliance with section 2 of rule 30 of the Superior Court in and for the County of Los Angeles which provides, with respect to the hearing of subsequent modifications of an original grant of probation :

"*Whenever such judge is not sitting in the criminal division* or is otherwise unavailable to hear or consider any such application or request or motion, it shall be heard and determined by the judge presiding over the Master Calendar Department

of the Criminal Division or by any other judge whom he shall designate.'' (Emphasis added.)

■ On March 6, 1961, defendant's counsel also made a motion for a new trial before Judge Call, after the latter had denied his motion to transfer the matter to Judge Rhone for hearing. Judge Call denied the motion. Since the motion was made approximately seventeen months after the original order granting probation, it was clearly untimely.

''The application for a new trial must be made before judgment or within 20 days after the making of an order granting probation, whichever first occurs, . . . .'' (Pen. Code, § 1182.)

Defendant's patently untimely motion for new trial is nugatory. (*In re Watkins*, 120 Cal.App.2d 586, 587-588 [261 P.2d 786]; *People* v. *Watkins*, 92 Cal.App.2d 375, 377 [206 P.2d 1118].)

■ In a petition for rehearing respondents cite the case of *Pappa* v. *Superior Court*, 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311], in support of their contention that the motion of the defendant under 170.6 was not timely because a hearing on revocation or modification of probation is a supplemental proceeding which is a part of the original criminal action. Such a motion, they assert, could have been made only before the commencement of the trial on the original charge.

In the *Pappa* case the Supreme Court was concerned with one of the two limitations placed by the Legislature upon the utilization of a motion to disqualify under section 170.6 of the Code of Civil Procedure. The court quoted (p. 353) the particular portion of the section dealing with such limitation, setting it out in italics: ''. . . *only one motion for each side may be made in any one action.*'' The Supreme Court ruled that no further motions under 170.6 could be made in the action because each side had already availed itself of the privilege of making such motions and had each disqualified a judge from hearing the case at its first trial. This hearing resulted in a mistrial, the jury having failed to agree on a verdict. The court concluded that (p. 353) ''. . . the retrial will not be a new 'action' within the meaning of the italicized language of subdivision (3).''

In the case before us the defendant has not availed himself of the privilege accorded to litigants by 170.6 either at the original trial or at the initial proceeding upon modification of probation. His first attempt to utilize it was with respect to a judge who was entirely new to the proceedings and he did so in

a timely manner upon his first appearance with counsel before such judge.

In the *Jacobs* case (*Jacobs* v. *Superior Court, supra,* 53 Cal. 2d 187 [1 Cal.Rptr. 9, 347 P.2d 9]) the Supreme Court dealt with the other of the two basic limitations imposed by the Legislature upon the exercise of the privilege of making a motion under 170.6. This limitation is the one previously alluded to which precludes making the motion against a judge after he has commenced the hearing.

As we view the action before us, we are not dealing with the limitations imposed by the Legislature to prevent an abuse of the section but with the basic objective of the section itself. The legislative intent is clearly stated in the opening paragraph of the section, ''No judge of any superior . . . court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney . . . in such action or proceeding.''

In *Johnson* v. *Superior Court,* 50 Cal.2d 693, 696 [329 P.2d 5] in which the constitutionality of this section was upheld the Supreme Court pointed out, ''Section 170.6 was passed by an overwhelming vote of both houses of the Legislature and approved by the Governor in 1957. The enactment of the statute represented the culmination of many years' effort by the organized bar of this state to obtain legislation which would permit the challenge of a judge for prejudice without an adjudication of disqualification. . . . The history of the section thus shows that the State Bar and the Legislature have long felt that there is a need for such a measure.''

In the recent case of *Eagle Maintenance & Supply Co.* v. *Superior Court, ante,* pp. 692, 695 [16 Cal.Rptr. 745] the appellate court stated, ''We believe the section should be liberally construed with a view to effect its objects and to promote justice (Code Civ. Proc., § 4).''

We construe it to be the intent of the Legislature that where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge other than any judge who has previously heard any phase of the matter, provided that he does so before the commencement of the hearing of the supplemental proceedings by such judge and within the time limitations specified in the section.

The order revoking probation, the judgment sentencing defendant to state prison, and the order striking defendant's affidavit filed under section 170.6 of the Code of Civil Procedure are vacated. The judge presiding in the master calendar department of the criminal division of the superior court is directed to hear and determine the proceeding to modify or revoke probation or to assign such matter for hearing by some other judge whom he shall designate in accordance with the rules of the superior court.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied December 1, 1961, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 9, 1962.