[Crim. No. 5478.   First Dist., Div. Two.   Oct. 19, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROSS KENT KELLER, Defendant and Appellant.

Nathan S. Smith, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Edward P. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

TAYLOR, J.—This is the second appeal arising out of defendant's conviction of two counts of selling marijuana, committed on March 5, 1964, in violation of section 11531 of

the Health and Safety Code. On the prior appeal, we pointed out, in an unpublished opinion, that defendant, having suffered no previous conviction within the meaning of section 11715.6 of the Health and Safety Code, was eligible for probation, and we vacated the judgment for the sole purpose of allowing the court below to hear and act upon defendant's application for probation (*People* v. *Keller,* 1 Crim. 5086, decided May 12, 1965). On July 28, 1965, defendant was brought back before the same judge who had previously sentenced him, and interposed a motion to disqualify the court pursuant to section 170.6 of the Code of Civil Procedure. This motion was denied and the matter continued. On August 27, 1965, the court denied defendant's motion for probation and thereupon sentenced defendant to the state prison for the term prescribed by law. The sentence on the two counts was to run concurrently and credit was given for time already served.

The first contention on appeal is that the trial court erred in denying the motion to disqualify pursuant to section 170.6 of the Code of Civil Procedure. The statute, so far as pertinent, provides: "(2) . . . If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing." However, the section has been interpreted to mean that where the hearing is a part or a continuation of an original proceeding, the motion must be made before the original proceeding is commenced (*Jacobs* v. *Superior Court,* 53 Cal.2d 187, 190-191 [1 Cal.Rptr. 9, 347 P.2d 9]).

A hearing on probation and sentence, while subsequent in point of time to the trial of the cause, is a part and continuation of the original criminal action, and is not a separate proceeding or hearing within the meaning of section 170.6 of the Code of Civil Procedure (*People* v. *Smith,* 196 Cal.App.2d 854, 856 [17 Cal.Rptr. 330]). Nor does the interruption necessitated by the appeal operate to constitute the hearing a proceeding separate and apart from the original criminal action. The "further proceedings" in the lower court ordered by the mandate of this court, amounted to nothing more than a resumption and continuation of the original criminal cause, for the directions merely required the lower court to pronounce judgment after consideration of defendant's motion for probation (*People* v. *Rojas,* 216 Cal.App.2d 819, 824 [31 Cal.Rptr. 417]).

Defendant argues that the above rule does not apply here since the court was necessarily prejudiced by the knowl-

edge of defendant's assault conviction that was reversed by this court for a violation of the comment rule adopted in *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229] (*People* v. *Keller*, 234 Cal.App.2d 395 [44 Cal.Rptr. 432]). Both the marijuana and assault cases were tried by the same court. ■ A reversal on appeal does not disqualify a judge nor is it evidence of bias or prejudice (*Ryan* v. *Welte*, 87 Cal.App.2d 888 [198 P.2d 351]). ■ While the court, having heard the evidence at the original trial, stated at the time of sentencing that defendant was guilty of the assault charge, it dismissed that charge on the district attorney's motion and the record indicates that the assault was not included in the criminal history referred to by the court in justifying the sentence imposed.

There is sound principle behind the well-established rule that a party cannot disqualify, under section 170.6, the judge who heard the original criminal cause from hearing a subsequent supplemental matter (*Thompson* v. *Superior Court*, 206 Cal.App.2d 702, 706 [23 Cal.Rptr. 841]; *People* v. *Smith*, *supra*, p. 859). Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues (*People* v. *Rojas*, *supra*, at pp. 824-825). We conclude that the motion to disqualify the sentencing court was properly denied.

■ The contention that the life sentence imposed by the trial court for his two counts of violating section 11531 of the Health and Safety Code was cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and article I, section 6 of the state Constitution and was without rational basis in comparison to punishment for other narcotic crimes, is better addressed to the Legislature than this court. As we indicated in our prior opinion, the prescribed penalty for sale of marijuana is "imprisonment . . . in the state prison from five years to life" (Health & Saf. Code, § 11531). The statute further provides that a defendant "shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than three years." In *People* v. *Tanner*, 3 Cal.2d 279, 298 [44 P.2d 324], the Supreme Court stated: "Courts are not empowered to enter the field of legislation

and to set up their judgments as to questions of policy or expediency as against the findings of the legislative body on matters which are purely legislative." Quoting from *Bailey* v. *United States*, 74 F.2d 451, the court further stated, at page 298: " 'The fixing of penalties for crime is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual. Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual [citing authorities.]' "

Defendant further argues that the court erred in denying him probation after this court had determined that he was eligible for probation. This contention is based on a misunderstanding of the effect of the prior opinion of this court. The matter was remanded for the sole purpose of allowing the court to hear and act on the application for probation. Probation is not a right but an act of clemency which rests within the discretion of the trial court, whose order granting or denying probation will not be disturbed on appeal unless there has been an abuse of discretion (*People* v. *Mancha*, 213 Cal.App.2d 590, 592 [29 Cal.Rptr. 72]). Discretion imports an individual judgment and an appellate court will not substitute its opinion for that of the trial judge (*People* v. *Miller*, 186 Cal.App. 2d 34, 36-37 [8 Cal.Rptr. 578]). Even if this court disagreed with the determination of the trial judge, we would not disturb that determination unless it manifested an abuse of discretion. Discretion implies the absence of arbitrary determination and the exercise of discriminating judgment within the bounds of reason (*People* v. *Surplice*, 203 Cal.App. 2d 784 [21 Cal.Rptr. 826]).

Defendant next contends that the trial court erred in failing to obtain a current probation report and considering his behavior while incarcerated before pronouncing sentence. We agree. The controlling case is *People* v. *Rojas*, 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], which held (at p. 682) ". . . the Legislature intended, with each contemplated pronouncement of judgment and the concurrent determination of whether to grant or deny probation where an accused is otherwise eligible, that a defendant is entitled to have *a current report* before the trial judge." (Italics supplied.)

The People argue that the instant case is distinguishable as defendant was not free on bail as were the defendants in

*Rojas* but had been incarcerated at Soledad Prison for the entire appeal period, and thus a report on his conduct under the strict controls of prison life could add nothing of significance to the original probation report.

Section 1203 of the Penal Code indicates that the probation report relates to "the circumstances surrounding the crime and concerning the defendant and his prior record." The court in *Rojas, supra,* interpreted the word "prior" to include the conduct of the defendants before "any" judgment is pronounced. Thus, the period of time elapsing between the first judgment and the second was included. The court said at page 683: " 'Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted. (*People* v. *Payne,* 106 Cal.App. 609 [289 P. 909], and cases therein cited.)' In the instant case the record reveals that the defendants had been at large on bail while their convictions were pending on appeal. *Their conduct during that period would bear directly on the question of their 'reformation and rehabilitation' while under restraint of judicial punishment.* Moreover, the determination to grant or deny probation is also one in which the state, as well as the defendants, has an interest within the statutory declarations. In the instant case particularly the necessity for protecting the state's interest was made known by the declaration of the deputy district attorney that there were reasons to believe that the receipt of stolen goods had continued at the address at which defendants had engaged in a business. It is thus apparent that by its express language and the purpose of affording to only a 'seemingly deserving defendant' an opportunity for reformation and rehabilitation without the walls of prisons, the Legislature intended that the trial court make its determination by availing to itself current probation reports." (Italics supplied.)

The above language with its emphasis on "*reformation and rehabilitation while under restraint of judicial punishment*" convinces us that the instant case cannot be distinguished simply because the defendant's restraint here differs in degree from the restraint of judicial punishment experienced by the defendants in *Rojas.* ■ Our penal system is based on the rehabilitation of the individual (*People* v. *Morse,* 60 Cal.2d 631, 642 [36 Cal.Rptr. 201, 388 P.2d 33]; *People* v. *Love,* 53

Cal.2d 843, 856 [350 P.2d 705] ). To implement this theory, the statutes provide for probation and parole, both of which involve the conditional release of a defendant subject to varying degrees of legal restraint. ▮ In the analogous situation of parole, a defendant's conduct in prison is considered relevant and we feel compelled by the rationale in *Rojas* to hold it relevant here.

*People* v. *Ware,* 241 Cal.App.2d 143 [50 Cal.Rptr. 252],[1] relied on by respondent, is distinguishable from the instant case. In *Ware,* the court was concerned with the 1957 amendment to paragraph 3 of section 1203 of the Penal Code which created an exception stating that in unusual circumstances, probation could be granted for certain crimes of violence *which would otherwise make a defendant ineligible for probation* (2 Witkin, Cal. Crimes (1963) § 1056, pp. 1000-1001; § 1056A, 1965 Supp. pp. 77-78). The final paragraph of section 1203 provides that in those cases in which the defendant is not eligible for probation, the court may *in its discretion* refer the matter to the probation officer to investigate facts relevant to sentence. In *Ware,* the lower court had not made the necessary preliminary determination that the facts of the crime were so ''unusual'' that the interests of justice required that the defendant, convicted of armed robbery, *be eligible for probation* and thus any reference to the probation officer was discretionary. In any case, a ''current'' probation report, covering the defendant's conduct in prison, would have no bearing on the determination of whether the case was ''unusual.'' Such a determination would depend on the circumstances surrounding the commission of the offense itself and not on the rehabilitative possibilities of the defendant as demonstrated by his subsequent conduct.

*People* v. *Henderson,* 226 Cal.App.2d 160 [37 Cal.Rptr. 883], cited by the People, is also distinguishable. There, the defendant, who was a psychiatric problem, had spent three months after the original probation report was filed, at the California Medical Facility for diagnostic purposes. All of the diagnoses and recommendations of the Department of Corrections resulting from their clinical observation were before the trial court at the time of sentencing and the appellate court properly concluded that the probation report was current as it contained all available information on the defendant to date. In the instant case, the court had no report or recommendation

---

[1]No petition for a hearing in the Supreme Court was filed.

from the Department of Corrections covering the many months of defendant's incarceration.

Nothing in this opinion is to be construed as an expression of our opinion on the merits of whether defendant should or should not be granted probation. That, as indicated above, lies in the sound discretion of the court below and an appellate court will not substitute its opinion for that of the trial court. We merely point out that the *Rojas* rule establishes an important procedural right to a current probation report.

The judgment is reversed for the sole purpose of allowing the lower court to obtain and consider a current probation report including defendant's conduct in prison pending the disposition of his appeal.

Shoemaker, P. J., and Agee, J., concurred.