[Civ. No. 48359. First Dist., Div. Three. July 28, 1980.]

ANTHONY YOKLEY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
JERRY J. ENOMOTO, as Director, etc., et al.,
Real Parties in Interest.

COUNSEL

Quin Denvir, State Public Defender, and Philip M. Brooks, Deputy State Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Real Parties in Interest.

OPINION

**SCOTT, J.**—Petitioner Anthony Yokley sought a writ of habeas corpus, alleging that at the time he entered his plea of guilty during trial he was mentally incompetent, and further, that he had been deprived of the effective assistance of counsel. The Court of Appeal issued its order to show cause, returnable before the Superior Court of the City and

County of San Francisco, to determine issues raised by petitioner's petition. The order to show cause was assigned to Judge Thomas Dandurand, who had presided over petitioner's trial. Petitioner filed an affidavit pursuant to Code of Civil Procedure section 170.6, attempting to disqualify Judge Dandurand from presiding over the proceedings. The challenge was denied as being untimely.

■ We conclude that for purposes of Code of Civil Procedure section 170.6, a hearing of an order to show cause made returnable before the trial court by the Court of Appeal, to make an inquiry as to a defendant's competence to enter a plea of guilty or to determine whether he had been denied effective assistance of counsel in the trial court, is a continuation of a criminal trial. Therefore, petitioner's Code of Civil Procedure section 170.6 challenge had not been made before trial commenced, and was untimely.

After the commencement of his trial before Judge Dandurand, petitioner entered a plea of guilty. He appealed and filed a petition for a writ of habeas corpus, which was consolidated with the appeal. The judgment was affirmed (1 Crim. 17549) by Division Two of this court, which issued its order to show cause previously described.

As directed by the superior court clerk's office, counsel for petitioner appeared before Judge Dandurand, who announced his intention to preside over the order to show cause hearing ordered by Division Two. Judge Dandurand denied petitioner's motion to have the matter reassigned to another judge. Petitioner then filed a motion to disqualify Judge Dandurand pursuant to Code of Civil Procedure section 170, subdivision 5, alleging actual bias and prejudice. This motion was heard and denied by Judge Daniel Hanlon. Petitioner's petition for a writ of prohibition challenging such denial was denied by both the Court of Appeal and the California Supreme Court.

Thereafter, petitioner filed a motion to disqualify Judge Dandurand under Code of Civil Procedure section 170.6, which was denied by Judge Dandurand as untimely. This petition followed.

Code of Civil Procedure section 170.6, subdivision (1) provides that no judge "shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge. . .is prejudiced against any party or attorney

or the interest of any party or attorney appearing in such action or proceeding."

Subdivision (2) of section 170.6 provides for the method of establishing prejudice, stating that prejudice is established by filing a sworn statement alleging prejudice. As to the timing of the filing of such statement, the section provides: "Where the judge...is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge...entertain such motion if it be made after the [beginning of the trial or hearing].... The fact that a judge...has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." Thus, the motion must be made at least not later than the commencement of trial or hearing. "However, the section has been interpreted to mean that where the hearing is a part or a continuation of an original proceeding, the motion must be made before the original proceeding is commenced (*Jacobs* v. *Superior Court*, 53 Cal.2d 187, 190-191 [1 Cal.Rptr. 9, 347 P.2d 9])." (*People* v. *Keller* (1966) 245 Cal.App.2d 711, 713 [54 Cal. Rptr. 154].)

The sole issue presented here is whether the order to show cause proceedings are a continuation of the criminal trial or are separate proceedings entitling the petitioner to a Code of Civil Procedure section 170.6 challenge to the trial judge. We have found no case directly on point.

In *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677 [36 Cal.Rptr. 459, 388 P.2d 691], Judge McCarthy of the Los Angeles Superior Court presided over numerous contested hearings in a dissolution action, culminating in an award of custody to the mother. Thereafter, orders to show cause re contempt issued based on the father's failure to relinquish the child and based on violation of other orders. The father's Code of Civil Procedure section 170.6 challenge to Judge McCarthy was denied.

In upholding the trial court, the *McClenny* court focused its inquiry "upon the single question of whether the contempt proceeding in the instant case is a continuation of the original domestic relations action or whether it is a separate and independent proceeding." (60 Cal.2d at p. 681.) The court reviewed cases holding that a hearing to revoke probation is a continuation of the original guilt trial (*People* v. *Rojas* (1963) 216 Cal.App.2d 819 [31 Cal.Rptr. 417]), that a retrial after reversal in a criminal case was a continuation (*Pappa* v. *Superior Court* (1960) 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311]), and that a defendant could not disqualify the trial judge when the appellate court reversed on appeal and ordered the taking of new evidence in conformance with its opinion (*People* v. *Paramount Citrus Assn.* (1960) 177 Cal.App.2d 505 [2 Cal.Rptr. 216]). It then restated the test explained in *Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9]: "The gravamen of the *Jacobs* decision establishes that a proceeding is a continuation of the original action out of which it arises if it involves 'substantially the same issues' as the original action. The most recent case interpreting the section, *Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, 699 [32 Cal.Rptr. 288], cogently restated the rule and held that the presentation in the supplementary proceeding of 'matters *necessarily relevant and material to the issues involved in the* [original] *action*' stamped the supplementary proceeding as a continuation of the original action." (*McClenny, supra,* 60 Cal.2d at p. 684, italics in original.)

The *McClenny* court found the issues in the contempt proceeding to be sufficiently related to dissolution and custody proceedings to make the former a continuation of the latter. It noted discussion by the *Jacobs* court, which explained that the "'judge who tried the case...is ordinarily in the best position to pass upon the questions involved,' and to hear matters involving the same or closely related issues." (*Id.,* at pp. 684-685.) It rejected the defendant's contention that the quasi-criminal nature of the contempt proceeding necessarily made it separate, concluding that "[t]o hold that the contempt proceeding in the present case constitutes a separate and independent action would unduly impede the administration of justice. As respondent court recognized, 'many defendants are constantly before the courts on contempt matters, and if each of these is to be considered a separate proceeding for the purpose of section 170.6, a not inconsiderable amount of judicial juggling will be required.'" (*Id.,* at pp. 688-689.)

The tenor of the *McClenny* opinion, and indeed of all the cases addressing the question of whether section 170.6 challenges should be

allowed to remove the original judge from hearing subsequent proceedings, argues for rejection of petitioner's arguments. (See also *People* v. *Keller* (1966) 245 Cal.App.2d 711, 714 [54 Cal.Rptr. 154].)

An analogy can be drawn from cases wherein the Court of Appeal, in deciding appeals, remands questions to the superior court for resolution, such as the voluntariness of a confession (*People* v. *Terry* (1974) 38 Cal.App.3d 432 [113 Cal.Rptr. 233]), or the fairness of a photo lineup (*People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395 [132 Cal.Rptr. 30]). It has been held that in these types of remand to the trial court, a Code of Civil Procedure section 170.6 challenge is not available to the defendant. (See *People* v. *Keller, supra*, 245 Cal.App.2d 711.) If upon remand a judge who had never previously participated in the case was assigned to the case, a party who had not yet exercised a section 170.6 challenge could exercise it against the new judge. (See *People* v. *Smith* (1961) 196 Cal.App.2d 854 [17 Cal.Rptr. 330]; *Lyons* v. *Superior Court* (1977) 73 Cal.App.3d 625 [140 Cal.Rptr. 826].) Here, had a judge other than Judge Dandurand been assigned to hear the cause, petitioner could have exercised a section 170.6 challenge.

We recognize that there are some features of an order to show cause re habeas corpus issued by an appellate court, returnable before the trial court, which make it different from other subsequent proceedings in the trial court. Whereas the original proceeding was instituted by the prosecution by filing an information or obtaining an indictment, the habeas proceeding is initiated by the appellate court responding to a petition. (See *In re Hochberg* (1970) 2 Cal.3d 870 [87 Cal.Rptr. 681, 471 P.2d 1].) This feature, however, is one of form, not substance, and does not determine whether the hearing of the order to show cause is a separate proceeding or a continuation of the original trial. Another distinctive feature is that a writ of habeas corpus or an order to show cause, when issued by the Court of Appeal, "may be made returnable before the issuing judge or his court or before any superior court or judge thereof located in that appellate district." (Pen. Code, § 1508, subd. (b).) In the instant case, the Court of Appeal could have made an order to show cause returnable directly before Judge Dandurand as well as any other judge within the First Appellate District. The Court of Appeal also had the option of retaining the cause and appointing a referee to take evidence and report his findings directly to the Court of Appeal. (See *People* v. *Corona* (1978) 80 Cal.App.3d 684 [145 Cal.Rptr. 894].) We do not perceive that making the writ here returnable before any judge in the City and County of San Francisco detracts from the con-

cept that the habeas corpus proceeding is a continuation of the original trial. The factual issues to be resolved relate directly to the criminal proceeding and involve matters necessarily relevant and material to the issues involved in the original action, and thus constitute a continuation of the original action. Absent a disqualification for cause, found not to exist here, there is no judge better suited for making a determination of the issues raised in petitioner's petition than the original trial judge.

We perceive no distinction between the claim of petitioner that he was incompetent to plead guilty and the claim that he was ineffectively represented, as to whether they are a continuation of the original trial. Both issues raise questions which constitute a continuation of the trial, whether they had been sought in separate petitions for writ of habeas corpus or combined, as here, in one petition.

The alternative writ of mandate is discharged, and the petition for a peremptory writ is denied.

White, P. J., and Feinberg, J., concurred.