[No. B051841. Second Dist., Div. Four. Dec. 27, 1990.]

KRIKOR J. ASTOURIAN et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ONNIK KOUYOUMDJIAN et al., Real Parties in Interest.

**COUNSEL**

Louis J. Khoury for Petitioners.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

Jerry W. Ellinghouse for Real Parties in Interest.

**OPINION**

**GEORGE, Acting P. J.**—Krikor and Victorine Astourian seek a writ of prohibition to prevent respondent superior court from conducting any further proceedings in the present action other than granting petitioner Krikor Astourian's motion pursuant to Code of Civil Procedure section 170.6 to

disqualify Judge Henry P. Nelson.[1] Petitioners contend the motion to disqualify Judge Nelson was timely, although it was filed after the filing of a postjudgment order to show cause re contempt for disobedience of an injunction that had been issued in an action to which petitioners were not parties. For the reasons that follow, we conclude the motion to disqualify Judge Nelson was untimely and deny the petition for writ of prohibition.

## ■ ■■■■ PROCEDURAL HISTORY[2]

On May 17, 1989, Judge Nelson issued a permanent injunction in an action entitled Sergio Shoe Co., Inc. v. Tankian, Los Angeles Superior Court No. C 618660. This action, to which petitioners were not parties, arose from a covenant not to compete, which was contained in a contract for the sale, by real party in interest Onnik Kouyoumdjian, of shares of stock in Sergio Shoe Company to defendant Khatchadour Tankian.

On April 25, 1990, respondent superior court issued orders to Khatchadour Tankian, Alice Tankian, and petitioners to appear on June 20, 1990, and show cause why they should not be held in contempt for willfully disobeying the permanent injunction.

On May 30, 1990, respondent superior court granted the motion of real parties in interest Onnik Kouyoumdjian and Sergio Shoe Co., Inc., to transfer the order to show cause re contempt to Judge Nelson. That same day, petitioner Krikor Astourian filed an affidavit of prejudice pursuant to section 170.6, seeking disqualification of Judge Nelson. On June 4, 1990, an amended affidavit was filed which, unlike the initial affidavit, was executed under penalty of perjury as required by section 170.6.

On June 11, 1990, respondent superior court denied the motion for disqualification on two grounds: the motion was untimely, and petitioner Krikor Astourian could not file a motion pursuant to section 170.6 because he "ha[d] not been joined as a party to this action." Regarding the second ground, the court observed that the petitioner could not be held in contempt for violating the injunction because he was not a party to the action, and that the initial inquiry must be whether the injunction should be broadened to include petitioner. The court stated: "Right now Mr. Tankian is under

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The following is based, in part, on uncontroverted allegations contained in the "formal opposition" to the petition for writ of prohibition, filed by real parties in interest Onnik Kouyoumdjian and Sergio Shoe Co., Inc., which we deem to be an answer to the petition. Such uncontroverted allegations may be considered as evidence. (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 187, p. 816; *Kahn* v. *East Bay Mun. Util. Dist.* (1974) 41 Cal.App.3d 397, 414 [116 Cal.Rptr. 333].)

the injunction. The question is whether he by his actions is bringing some-body else under the injunction . . . if that appears, then . . . the injunction probably should be broadened to include that person, but in any event as I see this case now the only person that is subject to the injunction or any sanctions therefrom would be Tankian."

## DISCUSSION

■ Section 170.6 prohibits a judge from hearing any matter involving a contested issue of law or fact if it has been established by a timely motion of "[a]ny party to or any attorney appearing in" the proceeding, supported by an affidavit or declaration under penalty of perjury or an oral statement under oath, that "the judge . . . is prejudiced against any such party or attorney . . . so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge." As stated in *Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9], "Facts showing prejudice need not be alleged or proved, and, where a timely motion to disqualify is made, supported by an affidavit alleging prejudice, the case or matter, without any further act or proof, must be assigned to another judge for trial or hearing."

■ Section 170.6, subdivision (2), provides: "In no event shall any judge . . . entertain the motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of opening statement by counsel for plaintiff, or if there is no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced." In the present case, the entire trial had been com-pleted and an injunction had issued, prior to the filing of the affidavit of prejudice pursuant to section 170.6.

The Supreme Court has observed: "Although the statute does not ex-pressly so provide, it follows that, since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." (*Jacobs* v. *Superior Court, supra,* 53 Cal.2d 187, 190.)

"The gravamen of the *Jacobs* decision establishes that a proceeding is a continuation of the original action out of which it arises if it involves 'substantially the same issues' as the original action." (*McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691].) Proceed-ings which have been held to be a continuation of the original action include a motion to modify the provisions of a judgment awarding custody of minors (*Jacobs* v. *Superior Court, supra,* 53 Cal.2d 187, 190), an order to show cause re contempt following a judgment in a marital dissolution ac-

tion (*McClenny* v. *Superior Court, supra*, 60 Cal.2d 677, 684), and an order to show cause involving a postjudgment petition for writ of habeas corpus made returnable before the trial court by the Court of Appeal (*Yokley* v. *Superior Court* (1980) 108 Cal.App.3d 622, 624 [166 Cal.Rptr. 657]). (See also cases cited in *City of Hanford* v. *Superior Court* (1989) 208 Cal.App.3d 580, 590 [256 Cal.Rptr. 274].)

■■■ In the present case, the order to show cause re contempt gives rise to the issue whether the previously issued injunction had been violated by Khatchadour Tankian (the defendant in that action), Alice Tankian, and petitioners. These proceedings necessarily involve substantially the same issues as the original action and, therefore, are a continuation of that action. As the Supreme Court noted in *McClenny* v. *Superior Court, supra*, 60 Cal.2d 677, 687: "The cases have clearly held that contempt proceedings for some purposes do constitute continuations of the action from which they emanate."

The decision in *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672 [40 Cal.Rptr. 621] does not compel a different result. The trial court in *Oksner*, in order to enforce a judgment obtained by John Theriot against Milton Durand, issued an ex parte order directing the sheriff to obtain from Atlantic Savings and Loan Association, and deposit with the court clerk, a trust deed and note executed by Durand to secure a loan made by Atlantic. Atlantic, which had not been a party to the action resulting in the judgment, moved to vacate that order and filed a motion pursuant to section 170.6 to disqualify the trial judge. The Court of Appeal ruled the section 170.6 motion was timely because "[i]n no sense was this motion to vacate a continuation of or a supplement to anything previously done" in the original action. (*Id.*, at p. 690.)

The circumstances in *Oksner* differ from those in the present case in at least two respects. First, the proceedings in *Oksner* were directed solely at a nonparty to the original action, whereas the contempt proceedings in the present case involve the original defendant as well as petitioners. ■■■ In this context, it is significant that because petitioners were not named in the injunction, they may be held in contempt for violating the injunction only if they were " 'acting in concert with or in support of . . . the enjoined party [and were] in fact his aiders and abettors.' [Citations.]" (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 906 [40 Cal.Rptr. 621].) Second, the proceedings in *Oksner* arose from an order directed at a nonparty to produce a trust deed and note which had not been subjects of the original action, whereas the contempt proceedings in the present case involve alleged violations of the injunction issued in the original action.

.

██ Allowing petitioners in the present case to disqualify Judge Nelson pursuant to section 170.6 would prevent the judge who issued the injunction from determining whether the original defendant had violated the court's order. This is precisely the result which the decision in *Jacobs* was intended to avoid: "If a disqualification were permitted under section 170.6 in matters which are continuations of a prior proceeding, it would mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified from hearing such matters as motions for modification of a support order or an injunction . . . . Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." (*Jacobs* v. *Superior Court, supra,* 53 Cal.2d 187, 191.)[3]

## DISPOSITION

The petition for writ of prohibition is denied.

Goertzen, J., and Epstein, J., concurred.

---

[3] Because we conclude the motion to disqualify Judge Nelson was untimely, we need not, and do not, address the alternate basis for the superior court's denial of the motion, namely that petitioner Krikor Astourian could not bring a motion pursuant to section 170.6 because he "ha[d] not been joined as a party to this action."

We. also do not address petitioners' argument that respondent superior court "[d]ispossessed [i]tself of [j]urisdiction" by placing the order to show cause re contempt off calendar at the conclusion of the hearing during which the section 170.6 motion was denied. Were we to accept this argument, the petition would be rendered moot and thus we still would deny the petition.