BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE H. PETER KLEIN, COUNTY COUNSEL, COUNTY OF MENDOCINO, has requested an opinion on the following question:
May a secrecy admonition order issued to a grand jury witness by the superior court on behalf of the grand jury contain a notice to third persons advising such persons that they may be held in contempt of court if they induce or attempt to induce the witness to disclose anything that took place in the grand jury room?
 CONCLUSION
A secrecy admonition order issued to a grand jury witness by the superior court on behalf of the grand jury may not contain a notice to third persons advising such persons that they may be held in contempt of court if they induce or attempt to induce the witness to disclose anything that took place in the grand jury room.
 ANALYSIS
We are advised that witnesses who appear before a county grand jury are admonished at the conclusion of their testimony not to disclose what has taken place in the grand jury room. The grand jury is considering how to ensure that the witnesses comply with the secrecy admonition. In particular, may employers of the witnesses, news media representatives, and other third parties be prevented from attempting to have the witnesses disclose grand jury information? One proposal is to have the written secrecy admonition include a notice directed to third persons that any attempt to induce the witness to divulge what took place in the grand jury room is prohibited and could result in punishment for contempt of court. Would the issuance of such a notice on behalf of the grand jury be within the authority of the court? We conclude that a violation of the notice would not constitute contempt of court.
The county grand jury is defined in California as "a body of the required number of persons returned from the citizens of the county before a court of competent jurisdiction, and sworn to inquire of public offenses committed or triable within the county." (Pen. Code, §888.)[1] It is a component part of the superior court (People v. Superior Court (1973 Grand Jury) (1975) 13 Cal.3d 430, 433), a "judicial body" (Ex parte Sterns (1889) 82 Cal. 245, 247), "an instrumentality of the courts of this state" (In re Shuler (1930) 210 Cal. 377, 405), and "an arm of the court and part of the judicial system" (People v. Superior Court (1973) Grand Jury), supra, 13 Cal.3d at pp. 430, 442).
The basic provisions for ensuring the secrecy of grand jury proceedings were recently summarized by the Supreme Court in Daily Journal Corp. v. Superior Court (1999) 20 Cal.4th 1117, 1122-1125:
 "Although the grand jury was originally derived from the common law, the California Legislature has codified extensive rules defining it and governing its formation and proceedings, including provisions for implementing the long-established tradition of grand jury secrecy. (See Pen. Code, pt. 2, tit. 4, chs. 1-3, §§ 888-939.91; see also Pen. Code, §§ 940-945.) The provisions include rules for excluding unauthorized persons from sessions and excluding all nonjurors from deliberations, and rules concerning disclosure.
"The relevant statutes are as follows.
 "Penal Code section 939.1 provides that, at the written request of the grand jury and the Attorney General or the district attorney, a superior court may order public sessions of the grand jury when it involves matters affecting the public welfare. Otherwise, grand jury proceedings are conducted in secrecy. (Pen. Code, § 915
[grand jury `shall retire to a private room' to conduct inquiry into offenses].) Unless requested by the grand jury, `the judge of the court . . . shall not be present during the sessions of the grand jury.' (Id., § 934.) Apart from necessary and authorized appearances, as specified by statute, no person is permitted to be present during criminal sessions of the grand jury except the members and witnesses actually under examination. (Id., § 939.) Deliberations of the grand jury are completely private; no person other than the grand jurors themselves may be present during `the expression of the opinions of the grand jurors, or the giving of their votes' on any criminal matter before them. (Ibid.)
 "Grand jurors must take an oath that they `"will not disclose any evidence brought before the grand jury, nor anything which [they] or any other grand juror may say, nor the manner in which [they] or any other grand juror may have voted on any matter before the grand jury."' (Pen. Code, § 911.) A grand juror who willfully discloses the fact of an information or indictment before the defendant has been arrested is guilty of a misdemeanor. (Id., § 924.) Unless required by the court, grand jurors are not permitted to disclose any evidence adduced before the grand jury or anything said by a member of the grand jury. (Id., § 924.1, subd. (a).) Moreover, each grand juror `shall keep secret' the deliberations and voting of the grand jury. (Id., § 924.2.) A grand juror may not be questioned about any deliberations or vote relative to a matter pending before the grand jury, `except for a perjury of which he may have been guilty in making an accusation or giving testimony to his fellow jurors.' (Id., § 924.3.)
 "If an indictment is returned, Penal Code section 938.1 requires that a transcript of the grand jury proceedings be prepared and delivered to the district attorney and the defendant, and, unless the court orders otherwise, opened to the public 10 days thereafter.
 "If no indictment is returned, there is no provision for the general release of testimony or evidence given in private sessions before the grand jury. Disclosure of some or all grand jury materials may, however, be ordered in connection with another proceeding under [specified] circumstances.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "As indicated by the foregoing summary of the relevant provisions under Penal Code regarding grand jury proceedings, the Legislature has addressed the question of grand jury secrecy and disclosure of grand jury materials extensively and comprehensively in the Penal Code. Viewing that statutory scheme as a whole, it appears that the Legislature intended disclosure of grand jury materials to be strictly limited. As we explained more than a century ago: `In this State the whole matter [of disclosing grand jury proceedings] is regulated by statute.' (Ex Parte Sontag (1884) 64 Cal. 525, 527.) By enacting the statutes governing the `exceptional cases' (ibid.) in which a court may order disclosure of grand jury materials, the Legislature has, in effect, occupied the field; absent express legislative authorization, a court may not require disclosure." (Fns. omitted.)
Although the Legislature has prohibited members of a grand jury from disclosing grand jury information (§§ 911, 924-924.3), no statute prohibits a witness from disclosing such information. Nevertheless, in 66 Ops.Cal.Atty.Gen. 85 (1983), we concluded that a grand jury had the authority to admonish witnesses not to reveal what took place in the grand jury room unless the grand jury transcript was first made public or except as directed by the court. (Id., at pp. 90-91.) We acknowledged in our 1983 opinion that federal grand jury witnesses were not subject to a disclosure prohibition (id. at p. 88, fn. 2; see Fed. Rules Crim. Proc., rule 6 (e)(2), 18 U.S.C.; United States v. Sells Engineering, Inc. (1982) 463 U.S. 418, 425; In re Subpoena To Testify Before Grand Jury (11th Cir. 1989) 864 F.2d 1559,1563-1564; In re Grand Jury Proceedings (1st Cir. 1987) 814 F.2d 61,68-70; In re Vescovo Special Grand Jury (C.D.Cal. 1979) 473 F. Supp. 1335,1336); however, primarily relying upon People v. Mersino (1965)237 Cal.App.2d 265, we concluded that California law did not preclude such an admonishment directed at grand jury witnesses (id., at pp. 89-90).
May the secrecy admonition for grand jury witnesses be extended to a witness's employer, members of the news media, and other third parties? In answering this question, we note that a court may compel obedience to a lawful court order (Code Civ. Proc., §§ 128, subd. (a)(4), 177 (2)) and that a violation of the order would constitute contempt of court (Code Civ. Proc., § 1209, subd. (a)(5)). However, we know of no authority that would permit a court order to bind third parties except in exceedingly narrow circumstances. Third parties may be subject to a valid court order and be punished through contempt proceedings for violations of the order if they have actual notice of the order and are acting in concert with any of the named parties as their agents, employees, aiders, or abettors. (Ross v. Superior Court (1977) 19 Cal.3d 899, 905-906; People v. Conrad (1997)55 Cal.App.4th 896, 899-903; Astourian v. Superior Court (1990)226 Cal.App.3d 720, 725; Roe v. Operation Rescue (3rd Cir. 1995)54 F.3d 133, 135-140.)
Here, the employers of the grand jury witnesses, members of the news media, and other third parties would not be acting "in concert" with the grand jury witnesses. The witnesses would not be attempting to circumvent the secrecy admonition by employing these third parties. Accordingly, such third parties would not be subject to contempt proceedings under this limited exception allowing non-parties to be bound by a court order. We are aware of no other authority that would permit contempt proceedings against a person who questions a grand jury witness concerning what has occurred in the grand jury room.[2]
We thus conclude that a secrecy admonition order issued to a grand jury witness by a superior court on behalf of a grand jury may not contain a notice to third parties advising such persons that they may be held in contempt of court if they induce or attempt to induce the witness to disclose anything that took place in the grand jury room.
[1] Undesignated section references hereinafter are to the Penal Code.
[2] Whether, and to what extent, a court may punish as contempt of court an unlawful interference with grand jury proceedings by non-parties without issuance of an order in a particular matter is beyond the scope of this opinion. (See, e.g., Code Civ. Proc., § 128, subd. (a)(2), (a)(3), (a)(5); In re Michael G. (1988) 44 Cal.3d 243,288-289; see also Landmark Communications, Inc. v. Virginia (1978)435 U.S. 829; Bridges v. California (1941) 314 U.S. 252; People v. American Ins. Co. (1955) 132 Cal.App.2d 317, 322-323; In re Bruns (1936)15 Cal.App.2d 1, 4.)