Filed 11/7/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL EUGENE MAAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | S225109 |
| v. | ) | |
| | ) | Ct.App. 4/1 D064639 |
| THE SUPERIOR COURT OF | ) | |
| SAN DIEGO COUNTY, | ) | |
| | ) | San Diego County |
| Respondent; | ) | Super. Ct. Nos. SCE185960, |
| | ) | SCE188460 |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Code of Civil Procedure section 170.6[1] affords litigants the right to peremptorily challenge a superior court judge based on a good faith belief that the judge is prejudiced. When a motion under section 170.6 is in proper form and timely filed, the judge is not permitted to try the assigned civil or criminal action or special proceeding, or to hear "any matter therein that involves a contested issue of law or fact." (§ 170.6, subd. (a)(1).) We granted review to decide whether the statute contemplates that a party may challenge the judge assigned to assess and

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

rule on a petition for writ of habeas corpus, at the initial stage of the habeas corpus process, before an order to show cause with respect to the petition's claims has been issued.

We conclude that, like a superior court judge's resolution of a petitioner's claims after issuance of an order to show cause, the initial assessment of a petition for writ of habeas corpus to determine whether the petitioner has stated a prima facie case for relief requires the judge to hear "a contested issue of law or fact" in a special proceeding, within the meaning of section 170.6. Accordingly, we hold that a petitioner who requests the name of the judge assigned to examine his or her habeas corpus petition is entitled to notice of that assignment, and also is entitled to peremptorily challenge the assigned judge, so long as all of the procedural requirements of section 170.6 have been satisfied, including the requirement that the assigned judge not have participated in the petitioner's underlying criminal action.

The Court of Appeal in this case reached the same conclusion and issued a writ of mandate directing the superior court to reassign the assessment of Maas's petition for writ of habeas corpus to a judge other than the judge who originally reviewed, and then summarily denied, his petition. The Court of Appeal's judgment is affirmed.

## I. FACTS

In April 1998, a jury convicted petitioner Michael Maas of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)), and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). In a bifurcated proceeding, Superior Court Judge Allan J. Preckel found true the allegation that Maas had suffered two prior "strikes" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), and sentenced him to 25 years to life.

2

Four months later, in August 1998, a different jury found Maas guilty of burglary and forgery of a fictitious check in a trial presided over by Superior Court Judge Larrie R. Brainard. (Pen. Code, §§ 459, 470.) After finding true the allegations that Maas had suffered two prior strikes, Judge Brainard sentenced him to 25 years to life and set that term to run consecutively to Maas's other sentence. Both judgments were upheld by the Court of Appeal.

Nearly 15 years later, on July 13, 2013, Maas filed a petition for writ of habeas corpus in the San Diego County Superior Court, alleging that he had received ineffective assistance of counsel in the August 1998 proceedings because his trial attorneys failed to properly challenge the prior felony convictions that led to imposition of two consecutive sentences under the "Three Strikes law." On July 19, about one week after filing his petition, Maas wrote to the court clerk, asking for the case number, the date of filing, and the name of the judge assigned to his petition. Ten days later, on July 29, Maas received a photocopy of the petition's cover page, which had been file stamped with the date July 17, 2013. About one week after that, in a letter dated August 4, Maas again wrote to the court clerk, repeating his request for the name of the assigned judge. Three days later, Superior Court Judge John M. Thompson summarily denied Maas's habeas corpus petition; that is, he denied it without having issued a writ of habeas corpus or an order to show cause. Judge Thompson explained in his four-page denial order that Maas's claims were procedurally barred because he had failed to justify his substantial delay in raising the challenge to his Three Strikes sentences, and he had not established good cause for revisiting arguments that previously had been raised and rejected on appeal.

Maas then filed a new petition for writ of habeas corpus in the Court of Appeal, again alleging ineffective assistance of counsel and challenging his sentence. In addition, Maas complained about the court clerk's failure to timely

3

notify him of Judge Thompson's assignment.  In connection with this assertion, Maas attached to his habeas corpus petition a declaration in which he averred under penalty of perjury that had he been informed that Judge Thompson was assigned to review his petition for writ of habeas corpus, he would have followed the advice of his brother and moved to disqualify Judge Thompson for bias pursuant to section 170.6.

The Court of Appeal requested and received from the Attorney General an informal response to Maas's complaint that he was denied his statutory right under section 170.6 to peremptorily challenge Judge Thompson.  Thereafter, the Court of Appeal issued an order to show cause on that claim for relief and appointed counsel for Maas.

The Court of Appeal construed Maas's claim regarding section 170.6 as one seeking a writ of mandate directing the superior court to vacate the summary denial of his petition for writ of habeas corpus and to reassign the petition to a judge other than Judge Thompson (see § 170.3, subd. (d)), and ordered that a writ of mandate issue.  The Court of Appeal held that when a petitioner collaterally attacks his criminal convictions and sentences by filing a petition for writ of habeas corpus in the superior court, and the petition is assigned to a judge other than the original trial judge, the petitioner may assert a section 170.6 peremptory challenge to the judge assigned to rule on the habeas corpus petition.

We granted review on our own motion, directing the parties to address whether section 170.6 permits a peremptory challenge to be asserted in a habeas corpus proceeding before an order to show cause has been issued, against a judge who has been assigned to assess a petition for writ of habeas corpus.  Maas was designated the petitioning party.

4

## II. DISCUSSION

The question presented in the case involves an interplay between a litigant's right to disqualify a superior court judge for prejudice under section 170.6, and the procedures governing a petitioner's challenge to his or her criminal conviction or sentence by way of a petition for writ of habeas corpus.  We begin with a brief overview of the relevant features of the two schemes, and then proceed to decide the proper application of section 170.6 under the circumstances presented by this case.

### A.  Disqualification of a superior court judge under section 170.6

Section 170.6 provides that "a judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding."  (§ 170.6, subd. (a)(1).)  Prejudice is established, for purposes of section 170.6, by a motion supported by an "affidavit or declaration under penalty of perjury, or an oral statement under oath" that the assigned judge "is prejudiced against a party or attorney . . . so that the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge . . . ." (§ 170.6, subd. (a)(2).)  So long as the "motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed or an oral statement under oath is duly made, thereupon and without any further act or proof," a different judge must be assigned to try the cause or hear the matter.  (§ 170.6, subd. (a)(4).)

When a litigant has met the requirements of section 170.6, disqualification of the judge is mandatory, without any requirement of proof of facts showing that

5

the judge is *actually* prejudiced. (*McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531; *Loftin v. Superior Court* (1971) 19 Cal.App.3d 577, 579 [the statute's provisions "give a litigant one chance to get rid of an unwanted judge, whom he cannot successfully challenge [for cause] under [former] section 170"].) This court has characterized the Legislature's enactment of section 170.6 as having bestowed upon litigants "an extraordinary right" to peremptorily challenge a judge. (*McCartney,* at p. 531.) "The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient" for disqualification. (*Ibid.*; see *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 193.) Permitting a party's belief that the judge is prejudiced to justify disqualification was intended to "preserve public confidence in the impartiality of the courts." (*Solberg,* at p. 193; *International Union of Operating Engineers v. Superior Court* (1989) 207 Cal.App.3d 340, 349 [the purpose of § 170.6 is " 'to promote fair and impartial trials' "].) "[S]ection 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 61-62; accord, *International Union of Operating Engineers,* at p. 349.)

When considering the enactment of section 170.6, the Legislature was well aware of the potential that its provisions "may be abused by parties seeking to delay trial or to obtain a favorable judge." (*Johnson v. Superior Court* (1958) 50 Cal.2d 693, 697; accord, *The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) Accordingly, the statute restricts both the number and the timing of a peremptory challenge against a judge. (See § 170.6, subd. (a)(2), (4); *Solberg v. Superior Court, supra*, 19 Cal.3d at pp. 196-197.) For example, unless

6

certain, more specific timeliness rules apply, a disqualification motion cannot be presented after commencement of the trial or hearing. (§ 170.6, subd. (a)(2).)[2]

## B. Habeas corpus proceedings

This court has explained that the petition for writ of habeas corpus has only a "limited function" in a habeas corpus proceeding. (*In re Lawler* (1979) 23 Cal.3d 190, 194.) A petitioner seeking to collaterally attack by writ of habeas corpus the conviction or sentence on which his or her confinement is based begins by filing a verified petition stating that he or she is unlawfully restrained, naming the person by whom the petitioner is so restrained, and setting forth the facts on which the petitioner claims that the restraint is unlawful. (*Ibid.*; see Pen. Code, § 1474.)

"When presented with a petition for a writ of habeas corpus, a court must first determine whether the petition states a prima facie case for relief — that is,

---

[2] Section 170.6, subdivision (a)(2), states in relevant part: "If the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to, or who is scheduled to try, the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date. If directed to the trial of a cause with a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. . . . In no event shall a judge, court commissioner, or referee entertain the motion if it is made after the drawing of the name of the first juror, or if there is no jury, after the making of an opening statement by counsel for plaintiff, or if there is no opening statement by counsel for plaintiff, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing, other than the trial of a cause, the motion shall be made not later than the commencement of the hearing."

7

whether it states facts that, if true, entitle the petitioner to relief — and also whether the stated claims are for any reason procedurally barred." (*People v. Romero* (1994) 8 Cal.4th 728, 737 (*Romero*); accord, *In re Clark* (1993) 5 Cal.4th 750, 769, fn. 9.) In conducting its evaluation of the petition, the court asks "whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief." (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.) "To assist the court in determining the petition's sufficiency, the court may request an informal response from the petitioner's custodian or the real party in interest." (*Romero, supra*, at p. 737; see Cal. Rules of Court, rule 4.551(b).)

If the court determines that the petition states a prima facie case for relief on a claim that is not procedurally defective, the court issues the writ of habeas corpus, or an order to show cause. (Pen. Code, § 1477; *In re Lawler, supra*, 23 Cal.3d at p. 194; *In re Hochberg* (1970) 2 Cal.3d 870, 873-874, fn. 2.) The issuance of the writ of habeas corpus or order to show cause does not grant the requested relief. Rather, it requires the petitioner's custodian to submit the " 'principal pleading' " in the habeas corpus proceeding, that is, a written return responding to the grounds for relief alleged in the petition and justifying the restraint on the petitioner's liberty. (*Romero, supra*, 8 Cal.4th at pp. 738-739.) We have observed in this regard that, "[a]s a practical matter, the issuance of the order to show cause creates a 'cause' giving the People a right to reply to the petition by a return and to otherwise participate in the court's decisionmaking process." (*In re Serrano* (1995) 10 Cal.4th 447, 455.) In these circumstances, the petition serves the purpose of "launch[ing] the judicial inquiry into the legality" of the petitioner's restraint by securing the issuance of the writ of habeas corpus or order to show cause. (*Romero, supra*, at p. 738 [" 'when the writ is issued, the petition has accomplished its purpose' "].)

8

If, on the other hand, the court determines that the petition fails to state a prima facie case for relief or that the claims are procedurally barred, the petition will be summarily denied, that is, it will be denied without issuance of an order to show cause.  (*Romero, supra*, 8 Cal.4th at p. 737; *In re Clark, supra,* 5 Cal.4th at p. 769, fn. 9.)  Whereas the court issuing an order to show cause makes " 'an implicit preliminary determination' " as to claims within the order that the petitioner has made a prima facie case for relief, the court also makes " 'an implicit determination' as to claims *outside the order*" that the petitioner has " '*failed* to make a prima facie case.' "  (*In re Sassounian* (1995) 9 Cal.4th 535, 547, second italics added.)  As recounted above, Judge Thompson summarily denied Maas's habeas corpus petition after concluding that all of his claims were procedurally defective.

### C.  Does section 170.6 permit disqualification of the judge assigned to examine and rule on a petition for writ of habeas corpus?

As previously mentioned, section 170.6 provides that a "judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact" (§ 170.6, subd. (a)(1)), when a litigant has met the statute's procedural requirements by timely filing an affidavit under penalty of perjury stating his or her belief that the judge is prejudiced.  Section 170.6 does not define "civil or criminal action" or "special proceeding," but these two classes of judicial remedies (§ 20) are defined in other provisions in the Code of Civil Procedure.  An "action," which can be either civil or criminal (§ 24), is an ordinary court proceeding by which one party prosecutes another to protect a right, to prevent a wrong, or to punish for a criminal offense. (§ 22.)  All other judicial remedies that are not actions are "special proceeding[s]." (§ 23.)

9

A habeas corpus proceeding is not a criminal action. Rather, as relevant here, it is an independent, collateral challenge to an earlier, completed criminal prosecution. (*In re Scott* (2003) 29 Cal.4th 783, 815.) Therefore, if a habeas corpus proceeding falls within the purview of section 170.6, it is because it is a "special proceeding."

This court's decisions have long characterized a habeas corpus proceeding as a special proceeding. (*People v. Villa* (2009) 45 Cal.4th 1063, 1069; *In re Scott, supra,* 29 Cal.4th at p. 815, fn. 6.) Although not dispositive, the Legislature likewise has labeled the habeas corpus proceeding a "Special Proceeding[] of a Criminal Nature." (See Pen. Code, pt. 2, tit. 12, § et seq. [setting out the grounds for and procedures governing the writ of habeas corpus].)

We conclude that a habeas corpus proceeding is a "special proceeding" within the meaning of section 170.6. Accordingly, a habeas corpus petitioner who files a motion for disqualification in proper form and in compliance with the procedural requirements of section 170.6 has a right to disqualify the judge assigned to try, or hear any matter within, that habeas corpus proceeding. Whether a peremptory challenge under section 170.6 is available when the petitioner has simply filed a *petition* for writ of habeas corpus in the superior court thus appears to depend on whether the petition seeking a writ of habeas corpus or an order to show cause is part of the habeas corpus proceeding, or merely a precursor to it.

Some decisions by this court seem to suggest that a habeas corpus matter is properly characterized as a special proceeding only *after* issuance of a writ of habeas corpus or an order to show cause. As explained in *In re Hochberg, supra,* 2 Cal.3d 870, "[w]hen we order the respondent to show cause before the superior court why the relief prayed for in a petition for writ of habeas corpus should not be granted, we do more than simply transfer the petition to that court and more than simply afford the petitioner an opportunity to present evidence in support of the

10

allegations of the petition; we institute a *proceeding* in which issues of fact are to be framed and *decided*." (*Id.* at p. 875, fn. 4; see *Romero, supra,* 8 Cal.4th at p. 740 [characterizing the issuance of a writ of habeas corpus or order to cause as "the means by which a judicial proceeding is instituted"]; cf. *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258 [holding that the "bare filing" of a petition for writ of habeas corpus does not trigger a right to discovery because a habeas corpus petition that fails to state a prima facie case for relief creates no cause or proceeding that would confer discovery jurisdiction].)

Other language in our cases, however, strongly suggests that the petition is part of the habeas corpus proceeding. For example, when summarizing the procedures governing the writ of habeas corpus, this court in *People v. Romero, supra*, 8 Cal.4th 728, observed that "[a] habeas corpus proceeding *begins* with the filing of a verified petition for a writ of habeas corpus." (*Id.* at p. 737, italics added.) Likewise, in *In re Sassounian, supra,* 9 Cal.4th 535, this court observed that "[i]n a *proceeding in habeas corpus*, the petitioner bears the 'burden . . . of alleging . . . the facts on which he relies in support of his claim [or claims] for relief . . . .' " (*Id.* at p. 546, italics added.)

Giving section 170.6 a liberal construction in order to promote the statute's objectives (*Stephens v. Superior Court, supra,* 96 Cal.App.4th at pp. 61-62), we conclude that a petition for writ of habeas corpus is a part of, rather than a mere precursor to, a "special proceeding" within the meaning of section 170.6. The question remains, however, whether it can be said that a judge tries a special proceeding, or hears a matter involving "a contested issue of law or fact" in that special proceeding (§ 170.6, subd. (a)(1)), when assessing whether the claims in a habeas corpus petition state a prima facie case for relief, and whether those claims are subject to one or more procedural bars.

11

The Attorney General argues that the mere filing of a habeas corpus petition is neither the trial of a special proceeding, nor a hearing involving a contested issue of law or fact, within the meaning of section 170.6 because only the issuance of a writ of habeas corpus or order to show cause " 'institute[s] a proceeding in which issues of fact are to be framed and decided.' " (*Romero, supra*, 8 Cal.4th at p. 740.)

The Attorney General's position that only the issuance of a writ of habeas corpus or order to show cause triggers application of section 170.6 presupposes that the statutory language directing a properly disqualified judge neither to "*try* a . . . special proceeding*," nor "*hear* any matter therein that involves a contested issue of law or fact" (italics added) contemplates a pending *trial* or *hearing*. Such an interpretation arguably is supported by language in other provisions of section 170.6. For example, subdivision (a)(2) provides that the motion to disqualify must be supported by a sworn statement indicating the litigant's belief "that he or she cannot . . . have a fair and impartial trial or hearing before the judge." The same subdivision likewise indicates that if the motion under section 170.6 "is directed to a hearing, other than the trial of a cause, the motion shall be made not later than the commencement of the hearing." (§ 170.6, subd. (a)(2).)

We agree with Maas, however, that the statutory terms "try" and "hear" do not apply exclusively to trials and hearings. As Maas points out, to try also means to "examine judicially" (Black's Law Dict. (7th ed. 1999) p. 1520), and the word "try" is often used interchangeably with the term "to decide." (Compare Code Civ. Proc., § 591 ["[a]n issue of law must be tried by the court"] with Evid. Code, § 310, subd. (a) [questions of law "are to be decided by the court"].) Similarly, in *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, this court observed that the term "heard" in Code of Civil Procedure section 1088, the statute authorizing issuance of a peremptory writ in the first instance, does not contemplate the requirement

12

that the court conduct an oral hearing, only that the court consider and evaluate the petition before granting relief.  (*Lewis,* at pp. 1250-1251.)

And although the Attorney General correctly observes that the initial consideration of, and ruling on, a petition for writ of habeas corpus does not involve resolution of a contested issue of *fact*, we are persuaded by Maas's argument that a judge who decides whether a petition for writ of habeas corpus has stated a prima facie case for relief hears and resolves a contested issue of *law*, within the meaning of section 170.6, subdivision (a)(1), because the judge is called upon to decide questions of law presented by the petition.  When a judge summarily denies a habeas corpus petition for failure to state a prima facie case for relief, even in the absence of an informal response by the People, the judge has resolved a contested issue of law against the petitioner, that is, the judge has decided that the factual allegations set forth in the petition, even assuming they are true, do not entitle the petitioner to relief.  Indeed, this court has observed that the summary denial of a petition for writ of habeas corpus "does not mean that the court has not considered the merits of the claims."  (*In re Clark, supra*, 5 Cal.4th at p. 769, fn. 9.)

Analogizing a judge's ruling on a habeas corpus petition to a ruling on a motion for summary judgment, the Attorney General further asserts that in deciding whether a petition for writ of habeas corpus states a prima facie case for relief, "the judge does not pass upon or determine issues of fact but rather decides whether a triable issue of fact exists."  (*Bambula v. Superior Court* (1985) 174 Cal.App.3d 653, 657 [referring to motions for summary judgment].)  In the Attorney General's view, because the judge must accept the allegations of the habeas corpus petition as true, there is no more a contested issue of law or fact than in the case of a demurrer.

The Attorney General's argument referencing summary judgment and demurrers draws on decisions addressing section 170.6, subdivision (a)(2), which, as previously mentioned, sets forth the statute's detailed timeliness requirements. As a general rule, a motion for disqualification under section 170.6 is allowed any time before the commencement of the trial or hearing. And, as the Attorney General points out, courts interpreting this provision have concluded that initial rulings by a judge on a variety of pretrial matters "not involving a determination of contested fact issues relating to the merits" (§ 170.6, subd. (a)(2)), such as demurrers, motions for summary judgment, and motions to dismiss under Penal Code section 995, do not foreclose a party from bringing a subsequent motion to disqualify the judge for prejudice. (See, e.g., *Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953, 958 [plaintiffs' failure to challenge the assigned judge before the hearing and rulings on the demurrer and other defense motions did not preclude them from making a post-hearing motion to disqualify].) The various decisions cited by the Attorney General hold only that a party is permitted to move for disqualification under section 170.6 subsequent to certain pretrial hearings, however. None stand for the proposition that a party is *precluded* from moving to disqualify the assigned judge prior to that pretrial hearing, and our own research discloses no decision stating such a rule. The Attorney General's argument in this regard therefore appears to be largely beside the point.

The Court of Appeal's decision in the present matter was the first to hold that, subject to the procedural requirements set forth in section 170.6 and other limitations established in the case law, a petitioner seeking a writ of habeas corpus in the superior court may peremptorily challenge the judge assigned to examine and rule on the petition. As previously discussed, section 170.6 requires that disqualification motions be raised no later than commencement of the trial or hearing (§ 170.6, subd. (a)(2)), and limits each side to only one disqualification

14

motion "in any one action or special proceeding." (§ 170.6, subd. (a)(4).) Case law has long established a further limitation, however. In some situations, that is, when a second action or special proceeding "involves 'substantially the same issues' " and " 'matters necessarily relevant and material to the issues' " in the original case, the second action or proceeding is considered a continuation of the earlier action or proceeding for purposes of section 170.6. (*McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684, italics omitted.) When the second action or proceeding that is considered to be a continuation of the earlier action or proceeding is assigned to the same trial judge who presided over the earlier action, the litigants are not permitted to exercise a peremptory challenge against that judge: Such a motion is untimely, because it was not made before commencement of the earlier trial. The reason for this further limitation on the right to peremptorily challenge a judge under section 170.6 is to prevent a litigant from disqualifying the judge most familiar with the facts of the case in the hopes of obtaining a more favorable result. (*Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 191.)

In *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622 (*Yokley*), the Court of Appeal held that, for purposes of section 170.6, the order to show cause in a habeas corpus proceeding that was made returnable before the trial court to hear petitioner's challenges to his criminal conviction was a continuation of that earlier action. (*Yokley,* at pp. 626, 628.) The Court of Appeal also expressed the view, however, that a habeas corpus petitioner may exercise a section 170.6 challenge to the judge assigned to conduct the hearing on the order to show cause, provided that the judge was not the same judge who had presided over the petitioner's earlier criminal trial. (*Yokley*, at p. 627.)

As explained below, we believe the rule in *Yokley* is sound and conclude that it applies in the setting presented here, in which a petitioner seeks to

15

disqualify the judge assigned to decide whether the petitioner's habeas corpus petition states a prima facie case for relief.

The petitioner in *Yokley* had filed a petition for writ of habeas corpus in the Court of Appeal, raising several claims challenging his plea of guilty. The Court of Appeal issued an order to show cause made returnable to the superior court, and the judge who presided over the petitioner's criminal trial was assigned to conduct the order to show cause hearing. After unsuccessfully moving to disqualify the judge for cause, the petitioner filed a motion to disqualify him under section 170.6. The judge denied the motion as untimely. (*Yokley, supra*, 108 Cal.App.3d at p. 624.) The Court of Appeal agreed, concluding that the factual issues to be resolved in the habeas corpus proceeding "involve[d] matters necessarily relevant and material to the issues involved in the original action, and thus constitute a continuation of the original action." (*Yokley,* at p. 628.) Because Yokley had failed to bring his section 170.6 challenge prior to the start of the original action, his disqualification motion was untimely. (*Yokley*, at p. 624.)

In upholding the trial court's denial of Yokley's section 170.6 motion, the Court of Appeal reasoned that, like a proceeding for contempt or for revocation of probation, which are considered a continuation of the earlier action, an order to show cause in a habeas corpus matter challenging a criminal conviction or sentence involves " ' "substantially the same issues" ' " as the original criminal case and therefore should be considered a continuation of that action. (*Yokley, supra*, 108 Cal.App.3d at p. 626.) The Court of Appeal also found its remand order in that case analogous to an appellate court's remand to the superior court for resolution of other issues, such as the voluntariness of a confession, for which a section 170.6 motion to disqualify is not available. (*Yokley,* at p. 627.)

The Court of Appeal further observed, however, that were the proceedings on remand to be assigned to a judge who had not previously participated in the

16

underlying criminal action, the habeas corpus petitioner would be entitled to disqualify the assigned judge for prejudice. (*Yokley, supra*, 108 Cal.App.3d at p. 627.) To support this proposition, the Court of Appeal cited *People v. Smith* (1961) 196 Cal.App.2d 854 (*Smith*), which held that the defendant could bring a section 170.6 challenge against a judge assigned to conduct his probation revocation hearing when that judge had had no prior connection to his criminal case, so long as the section 170.6 motion was made before commencement of the hearing in the probation revocation proceedings. In deciding whether the exercise of a peremptory challenge under section 170.6 was permitted in that situation, the appellate court in *Smith* observed that it was "not dealing with the [number or timeliness] limitations imposed by the Legislature to prevent an abuse of the section but with the basic objective of the section itself." (*Smith, supra*, at p. 859.)

The same reasoning is applicable here. When the judge assigned to examine and rule on the habeas corpus petition is the same judge who presided at the petitioner's criminal trial, "there is no judge better suited for making a determination of the issues raised in [the] petitioner's petition" (*Yokley, supra,* 108 Cal.App.3d at p. 628), and the petitioner is not permitted at that point to mount a peremptory challenge under section 170.6. However, when the assigned judge had no involvement in the petitioner's criminal action, denying the petitioner the right to peremptorily challenge a judge he or she believes is prejudiced would be contrary to the intent and purpose of section 170.6. (See *Smith, supra*, 196 Cal.App.2d at p. 860.)

The Attorney General argues that we need not decide in this case whether the rule in *Yokley* is sound because *Yokley* concerned a habeas corpus proceeding in which an order to show cause had issued. The present matter is distinguishable, the Attorney General argues, because here no "cause" arose and therefore there was no "contested issue of law or fact" triggering the right to disqualify a judge

17

for prejudice under section 170.6. As we previously explained, however, a petition for writ of habeas corpus is part of a special proceeding within the meaning of section 170.6, and a judge assessing the petition to determine whether it states a prima facie case for relief hears a matter involving "a contested issue of law or fact" in that special proceeding, and may be disqualified from doing so.

The Attorney General argues furthermore that various policy considerations militate against allowing a section 170.6 peremptory challenge before an order to show cause has issued. Although such considerations are not without some force, we are not persuaded that to allow a peremptory challenge at the petition stage of a habeas corpus proceeding would lead to impractical or unworkable results rendering such a construction unreasonable. (See *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1291-1292.)

The Attorney General first asserts that permitting a petitioner to peremptorily challenge the judge assigned to rule on his or her habeas corpus petition would interfere with the expeditious initial review of habeas corpus petitions that quickly culls out those lacking in merit from those that state a prima facie case for relief. Under the California Rules of Court, as a general matter, the superior court must rule on a petition for writ of habeas corpus within 90 days of when it is filed. (Cal. Rules of Court, rule 4.551(a)(3).) We agree that responding to a petitioner's request for the name of the judge assigned to examine his or her habeas corpus petition, and allowing a reasonable amount of time for receipt of any resulting motion under section 170.6, will impact a court's ability to adhere to those timelines. However, the California Rules of Court also provide that the court, for good cause, may issue an order extending the time for ruling on the petition. (Cal. Rules of Court, rule 4.551(h).) More importantly, as Maas correctly observes, the timelines for ruling on petitions for writ of habeas corpus are intended, not for the purpose of judicial economy, but rather to afford prompt

18

relief to petitioners who present meritorious claims. (See Pen. Code, § 1476 [providing that a superior court must issue the writ "without delay"].) A petitioner who asks for the name of the judge assigned to examine his or her habeas corpus petition and then chooses to pursue a peremptory challenge against a judge the petitioner believes to be biased may properly be considered to have accepted any resulting delay in the examination and ruling on the petition.

The Attorney General next argues that allowing a peremptory challenge before issuance of an order to show cause wastes judicial resources. The Attorney General warns that a superior court presented with a disqualification motion under section 170.6 would be unduly burdened by having to determine the identity of the trial judge in the underlying criminal action, a determination that is further complicated if there were more than one judge who participated in that action. As the Attorney General correctly points out, this information is necessary to determine whether a motion under section 170.6 is available to the petitioner. (See *Yokley, supra*, 108 Cal.App.3d at p. 628.) However, nothing prevents a superior court from informing petitioners regarding the unavailability of a section 170.6 motion in these circumstances, before the petitioner has filed such a motion. For example, when responding to a petitioner's request for the identification of the judge assigned to rule on his or her habeas corpus petition, the superior court could include with that information a citation to our decision in this matter. Or the court could advise the petitioner more specifically that a motion under section 170.6 is available only when the assigned judge did not participate in the petitioner's underlying criminal trial.

The Attorney General contends finally that allowing a peremptory challenge to the judge assigned to assess a petition for writ of habeas corpus is detrimental to petitioners because it would require them to raise such a challenge at that point in the habeas corpus proceedings or otherwise forfeit their right to do

19

so. The Attorney General's assertion is contrary to the decisions (previously cited by the Attorney General) that hold a party is *not* foreclosed from moving under section 170.6 to disqualify a judge who had presided at an earlier hearing in the same action when that hearing did "not involve[e] a determination of contested fact issues relating to the merits." (§ 170.6, subd. (a)(2).) As previously explained, the judge deciding whether any of the petitioner's habeas corpus claims states a prima facie case for relief accepts the petitioner's factual allegations as true. (*People v. Duvall, supra*, 9 Cal.4th at pp. 474-475.) Because the judge's evaluation of a habeas corpus petition does not require the "determination of contested fact issues," a petitioner who did not peremptorily challenge that judge is not foreclosed from invoking section 170.6 to disqualify the judge assigned to the habeas corpus proceeding after an order to show cause has issued, provided all of the requirements for doing so have been satisfied.

In sum, and consistently with the objectives of section 170.6, we conclude that a petitioner who asks to be informed of the identity of the judge assigned to examine his or her habeas corpus petition prior to the judge's ruling on the petition is entitled to notice of that assignment. The petitioner is further entitled to peremptorily challenge the assigned judge under section 170.6, so long as all of the procedural requirements of that provision have been satisfied, including the requirement that the assigned judge not have participated in petitioner's underlying criminal action. In this case, Maas wrote to the superior court within one week of filing his petition for writ of habeas corpus, asking for the name of the judge assigned to his petition. The clerk of the court, however, never notified him that the assigned judge was Judge Thompson. Maas should have been provided with that information when it was available, and should have been given the opportunity to file a section 170.6 motion to disqualify Judge Thompson based on his belief that Judge Thompson was prejudiced. The Attorney General does not

20

dispute that Judge Thompson had no involvement in Maas's underlying criminal action. Therefore, were Maas to have been given the opportunity to file his motion in proper form before Judge Thompson had examined and ruled on his habeas corpus petition, Maas would have been entitled to disqualify him under section 170.6.[3] Accordingly, the Court of Appeal correctly ordered that a writ of mandate issue directing the superior court to vacate the summary denial of Maas's petition for writ of habeas corpus and to reassign his petition for decision by a judge other than Judge Thompson.

### III. DISPOSITION

The judgment of the Court of Appeal is affirmed.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

---

**3** Because Maas promptly requested notice of the identity of the judge assigned to examine and rule on his habeas corpus petition, but was denied the opportunity to file a section 170.6 motion in the superior court, we have no occasion to address in this case questions regarding the timeliness of a request for such information or the resulting motion to disqualify.

21

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Maas v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 232 Cal.App.4th 169
**Rehearing Granted**

_____

**Opinion No.** S225109
**Date Filed:** November 7, 2016

_____

**Court:** Superior
**County:** San Diego
**Judge:** John M. Thompson

_____

**Counsel:**

Russell S. Babcock, under appointment by the Supreme Court, for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Edward C. DuMont, State Solicitor General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting, Deputy State Solicitor General, Lise S. Jacobson, Peter Quon, Jr., and Susan E. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Russell S. Babcock
Law Offices of Russell S. Babcock
1901 First Avenue, Suite 138
San Diego, CA  92101
(619) 531-0887

Steven T. Oetting
Deputy State Solicitor General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 645-2206