Filed 6/7/23 (unmodified opn. attached)

**CERTIFIED FOR PARTIAL PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| DANIEL CARLOS GARCIA, | E080436 |
| Petitioner, | (Super.Ct.No. CVPS2204495) |
| v. | ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | |
| Respondent; | [NO CHANGE IN JUDGMENT] |
| CHAD BIANCO, as Sheriff, etc., | |
| Real Party in Interest. | |

THE COURT

The opinion filed in this matter on May 30, 2023 is modified as follows.

On page 15, after the first partial paragraph, add the following:

Fourth, in a petition for rehearing, Garcia argues that the only issue in the habeas proceeding was whether jail officials were deliberately indifferent to his medical needs within the meaning of the Fourteenth Amendment, and that this particular issue had never been raised or litigated in the criminal action.

That is not so. In the criminal proceeding, he specifically argued that jail officials were "absolutely indifferent" to his medical needs; he cited the Fourteenth Amendment and *Castro v. County of Los Angeles* (9th Cir. 2016) 833 F.3d 1060, 1067-1068, cert. den. (2017) 580 U.S. 1099, a

1

deliberate indifference case. Even if he did not raise this issue explicitly, he raised it implicitly, as the trial court was not authorized to override the judgment of jail authorities in the absence of some kind of constitutional or statutory violation. (See *In re Jordan* (1972) 7 Cal.3d 930, 934.) Last but not least, to be a continuation, the habeas proceeding had to involve *either* the same issues *or* """"matters necessarily relevant and material to the issues"""" in the criminal action. (See *Maas*, *supra*, 1 Ca1.5th at p. 979.) Questions about what type of care he needed and whether the jail was providing the necessary care were common to both proceedings.

Except for these modifications, the opinion remains unchanged. This modification does not effect a change in the judgment.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ

P.J.

We concur:

MILLER

J.

RAPHAEL

J.

Filed 5/30/23 (unmodified opinion)

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

DANIEL CARLOS GARCIA,

        Petitioner,

v.

THE SUPERIOR COURT OF
RIVERSIDE COUNTY,

        Respondent;

CHAD BIANCO, as Sheriff, etc.,

        Real Party in Interest.

E080436

(Super.Ct.No. CVPS2204495)

OPINION

ORIGINAL PROCEEDINGS; petition for writ of mandate from an order of the Superior Court of Riverside County. Anthony R. Villalobos, Judge. Petition denied.

Rex Adam Williams, under appointment by the Court of Appeal, for Petitioner.

Cummings, McClorey, Davis, Acho & Associates and Sarah L. Overton for Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

1

Minh C. Tran, County Counsel, Kelly A. Moran, Chief Deputy County Counsel, and Emily C. Headlee, Deputy County Counsel, for Real Party in Interest.

In 2016, petitioner Daniel Carlos Garcia was diagnosed as having porphyria, an extremely rare condition that is potentially fatal, especially if not properly treated. During an attack of porphyria, the skin becomes extremely sensitive to sunlight; sun exposure can cause burning pain and blisters.

Garcia is currently in jail awaiting trial on charges including murder. In the criminal action, Garcia made a series of requests for testing, evaluation, treatment, and preventive measures to deal with his porphyria. The trial court, per Judge Anthony R. Villalobos, granted some of them (which may not even have been contested). However, when Garcia made an ex parte application for multiple measures — including being given protective clothing, being kept out of direct sunlight, and being transported only in air-conditioned vehicles with tinted windows — Judge Villalobos denied the application.

About a month later, Garcia filed a petition for writ of habeas corpus. He alleged that the jail's failure to deal properly with his porphyria constituted cruel and unusual punishment and violated the Americans with Disabilities Act. The case was assigned to Judge Villalobos. Garcia promptly filed a peremptory challenge to Judge Villalobos under Code of Civil Procedure section 170.6 (section 170.6). Judge Villalobos denied the section 170.6 challenge as untimely; he reasoned that the habeas proceeding was a continuation of the criminal action.

Garcia has now filed a petition for writ of mandate to require Judge Villalobos to grant his section 170.6 challenge.

It is well-established that, for purposes of section 170.6, a habeas proceeding can be a continuation of a criminal action — typically, because they both involve overlapping issues going to guilt and/or sentencing. By contrast, here, the issues in the habeas proceeding are limited to the conditions of confinement. Nevertheless, because Garcia injected issues of the conditions of confinement into the criminal action, we conclude that the habeas proceeding is a continuation of the criminal action. Hence, Judge Villalobos correctly rejected the section 170.6 challenge as untimely.

I

STATEMENT OF THE CASE

A.     *Trial and Conviction*.

In 2012, Garcia was convicted of murder, conspiracy to commit murder, and various financial crimes and sentenced to life in prison without the possibility of parole. In 2016, we modified the judgment in minor respects but otherwise affirmed. (*People v. Garcia et al.* (Aug. 3, 2016, E057519) [nonpub. opn.].)

In 2020, however, the superior court granted Garcia's unopposed petition for a writ of habeas corpus and ordered a new trial. On June 30, 2020, the criminal action was assigned to Judge Villalobos for all purposes.

B.    *Onset of Porphyria Symptoms*.

Meanwhile, in prison, Garcia had been diagnosed as having a form of porphyria. Porphyria is a group of mostly hereditary diseases that impair the production of heme, causing porphyrins to build up in the blood.

During an attack of porphyria, the skin can become so sensitive to light that exposure to the sun can cause burning pain and blisters. Other symptoms can include "severe abdominal pain, vomiting, constipation, diarrhea, . . . urinary problems, muscle weakness, elevated heart rate, high blood pressure, seizures, and breathing muscle paralysis." (Punctuation altered.) An attack of porphyria can be "excruciatingly painful." It requires emergency medical treatment and is potentially fatal.

C.    *Judge Villalobos's Rulings in the Criminal Case*.

In the criminal case, on July 21, 2020, Garcia made an oral motion to be blood-tested for porphyria, at his expense. Judge Villalobos granted the motion.[1]

On November 19, 2020, Judge Villalobos ordered that Garcia be provided with a sweatshirt, due to his "issues with sunlight," and that he be provided with his prescribed medication.

On November 15, 2021, Garcia filed an ex parte application to order the Sheriff's Department to (1) provide him with protective clothing to minimize his exposure to sunlight; (2) keep him out of direct sunlight while outdoors; (3) transport him only in air-

---

[1]    Evidently the test was negative; Garcia later claimed that the jail botched the testing protocol.

4

conditioned vehicles with tinted windows; (4) give him a genetic test for porphyria; (5) allow him to be evaluated by two named specialists; and (6) produce a treatment plan for him.

The Sheriff's Department opposed the application. It argued that there was insufficient evidence that Garcia needed the treatment sought: "[W]e don't have . . . any indication that he has been diagnosed with this condition . . . ." "I don't know if this is the proper way to treat it. And I don't know if it's something that is necessary for his condition or if maybe there's something else that a doctor can suggest."

It represented that Garcia had been blood-tested for porphyria; if the test was positive, he would be treated by jail medical staff; if a specialist was necessary, he would be referred to a specialist; and if a doctor ordered any particular treatment, "there is no reason to believe that the sheriff's department would not comply with any medical order that does not pose a safety and security concern."

On November 19, 2021, at the hearing on the application, defense counsel withdrew the requests for genetic testing, for an evaluation by an outside specialist, and for a treatment plan. However, he continued to request protection from sunlight. Specifically, he said: "Your Honor, what I would suggest . . . is that we take my application off calendar subject to putting it back on calendar on two days' notice; that the Court enter a minute order that just says to . . . the extent possible and reasonable, the sheriff's department will keep him out of the sun."

5

Judge Villalobos denied the application. He explained, "I'll let the jail go ahead and proceed with their process."

On June 15, 2022, again in the criminal action, Garcia filed an ex parte application for treatment with Givlaari, a medication for porphyria costing $40,000 to $60,000 a month, and, in the alternative, a motion for release on bail. On June 24, 2022, after a hearing, Judge Villalobos denied the bail motion. The ex parte application for treatment with Givlaari was repeatedly continued until, on January 20, 2023, defense counsel took it off calendar.

On September 30, 2022, Judge Villalobos ordered the jail to provide Garcia with meals without any soy or MSG.

D.      *The Habeas Petition*.

Meanwhile, on December 27, 2021, Garcia filed a habeas petition with this court. We summarily denied it on January 3, 2022.

On May 17, 2022, he filed the same (or a similar) habeas petition with the Supreme Court. In it, he sought specified "testing, monitoring and treatment" while in jail, including protection from exposure to sunlight and treatment with Givlaari; or, alternatively, release on bail.

On October 26, 2022, the Supreme Court issued an order to show cause, returnable before the superior court. The case was docketed in the superior court on November 9, 2022 and assigned to Judge Villalobos for all purposes. On November 15, 2022, the clerk mailed notice of the assignment to Garcia.

6

On November 21, 2022, Garcia filed a section 170.6 challenge to Judge Villalobos.

On December 12, 2022, Judge Villalobos denied the challenge. He explained: "[F]or purposes of raising a CCP section 170.6 challenge, the habeas petition . . . is a continuation of the ex parte applications for emergency medical orders filed in the criminal court case . . . . Accordingly, the 170.6 is untimely. [Citations.] Moreover, it appears that [the] habeas petition seeks reconsideration of the pretrial release ruling made by this court in June 2022. As such, a 170.6 challenge unavailable. [Citation.]"

E. *The Present Writ Petition*.

On December 23, 2022, Garcia filed an extraordinary writ petition in the Supreme Court. In it, he requested a writ compelling the superior court to grant his section 170.6 challenge to Judge Villalobos. The Supreme Court transferred the matter to this court. We issued an order to show cause, stayed the proceedings in the trial court, and appointed counsel.

II

THE PARTY STATUS OF THE SUPERIOR COURT

In addition to the Sheriff's return, the superior court has also filed a return to the petition. On our own motion, we question the propriety of this.

"'[A] trial court may not *initiate* writ proceedings and may appear to *defend* itself in a writ proceeding only in a limited number of circumstances.' [Citation.]" (*Luckey v. Superior Court* (2014) 228 Cal.App.4th 81, 95.) "Lower courts may appear to defend

7

their actions on appeal when the real party in interest does not appear; and (1) the issue involved directly impacts the operations and procedures of the court, or (2) potentially imposes financial obligations which would directly affect the court's operations. [Citation.]  Additionally, a trial court can be permitted to appear on appeal when, due to unique circumstances, the real party in interest cannot 'meaningfully oppose the petition.' [Citation.]" (*Id*. at p. 96.)

None of these conditions apply here.  The Sheriff, the real party in interest, has appeared.  We see no reason why he cannot meaningfully oppose the petition.  Moreover, the issues do not impact court operations or procedures (at least, no more so than the usual section 170.6 challenge) and do not threaten to impose any financial obligations on the court.

Ordinarily, then, we would strike the superior court's return.  (*Howard Gunty Profit Sharing Plan v. Superior Court* (2001) 88 Cal.App.4th 572, 576, fn. 6.)  In an appropriate case, however, we also have the option of treating the superior court as an amicus curiae.  (*Entente Design, Inc. v. Superior Court* (2013) 214 Cal.App.4th 385, 389, fn. 2; *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315, fn. 2.)  We will do so.

This leaves one problem:  The superior court also filed exhibits.  A party can; an amicus cannot.  However, those exhibits are helpful, and all of them are judicially noticeable.  (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)  Accordingly, we take judicial notice of them.

8

## III

## THE HABEAS PROCEEDING AS

## A CONTINUATION OF THE CRIMINAL ACTION

A. *General Legal Background.*

"[S]ection 170.6 affords litigants the right to peremptorily challenge a superior court judge based on a good faith belief that the judge is prejudiced. When a motion under section 170.6 is in proper form and timely filed, the judge is not permitted to try the assigned civil or criminal action or special proceeding, or to hear 'any matter therein that involves a contested issue of law or fact.' [Citation.]" (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 969-970 (*Maas*).) Section 170.6 applies in a habeas proceeding. (*Maas*, *supra*, at p. 970.)

When a criminal case has been assigned to a judge for all purposes, any section 170.6 challenge must be filed "within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." (§ 170.6, subd. (a)(2).)

Moreover, "'[a] peremptory challenge may not be made when the subsequent proceeding is a continuation of an earlier action.'" (*Birts v. Superior Court* (2018) 22 Cal.App.5th 53, 58.) "[W]hen a second action or special proceeding 'involves "substantially the same issues"' and '"matters necessarily relevant and material to the issues"' in the original case, the second action or proceeding is considered a continuation of the earlier action or proceeding for purposes of section 170.6. [Citation.]" (*Maas*,

9

*supra*, 1 Cal.5th at p. 979; accord, *McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684.) "'The [continuation] rule is designed to prevent forum shopping.' [Citation.]" (*Birts*, *supra*, at p. 58.)

"Where the underlying material facts are not in dispute, we review the trial court's order denying a peremptory challenge de novo. [Citations.]" (*People v. Superior Court* (*Olivo*) (2019) 36 Cal.App.5th 942, 947.)

B. *Discussion*.

Certainly a habeas proceeding *can* be a continuation of a criminal action. In *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622 (*Yokley*), in the criminal action, the defendant pleaded guilty. (*Id*. at p. 624.) He then filed a habeas petition, alleging that he had been mentally incompetent to plead guilty and that his counsel had rendered ineffective assistance. (*Id*. at p. 623.) The habeas proceeding was assigned to the same judge who had taken the guilty plea. The defendant filed a section 170.6 challenge; it was denied as untimely. (*Id*. at p. 624.) The appellate court held that the habeas proceeding was a continuation of the criminal action (*id*. at pp. 624-628): "The factual issues to be resolved relate directly to the criminal proceeding and involve matters necessarily relevant and material to the issues involved in the original action, and thus constitute a continuation of the original action." (*Id*. at p. 628; see also *Maas*, *supra*, 1 Cal.5th at pp. 979-980 [approving *Yokley*].)

Arguably, *Yokley* is distinguishable because here, the habeas proceeding does not relate to guilt, innocence, or the validity of any eventual conviction or sentence. Rather,

10

it relates solely to the conditions of Garcia's pretrial confinement. However, the criminal action also related, at least in part, to the conditions of Garcia's pretrial confinement. Garcia chose to raise, in the criminal action, such issues as whether the jail had to test him for porphyria; had to provide him with Givlaari; had to provide him with (or at least let him wear) protective clothing; had to provide him with a special diet; and had to shield him from sunlight during transportation. Thus, the habeas proceeding "'involves "substantially the same issues,"'" or at a minimum, "'""matters necessarily relevant and material to the issues,"'" in the criminal action. (See *Maas*, *supra*, 1 Cal.5th at p. 979.)

Indeed, this looks like a classic case of forum-shopping. Garcia was not happy with Judge Villalobos's rulings (and comments) on November 19, 2021, so on December 27, 2021, he filed the separate habeas proceeding. He tried to have the habeas proceeding heard first by this court and then by the Supreme Court, only to find himself back in front of Judge Villalobos again. Hence his section 170.6 challenge.

Garcia raises several counter-arguments.

First, Garcia argues that parties to the habeas proceeding are different from the parties to the criminal action. (See *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243, 257 [cases involving the continuation rule either "involve the same parties at a later stage of their litigation with each other, *or* they arise out of conduct in or orders made during the earlier proceeding," some italics omitted].) Actually, it does not matter that the parties "are not exactly the same as those who participated in the previous proceedings, [as long as] the *interested* parties are the same . . . ." (*Stephens v. Superior*

11

*Court* (2002) 96 Cal.App.4th 54, 63); see also *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 277 ["we d[o] not require that there be a precise identity between the parties in both proceedings but instead require[] that there be an identity of interests in both proceedings."]; *Andrews v. Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 288, fns. 2 & 3, 292-293, 295-297 [second action was a continuation of first action where parties were "essentially" the same; 30 of 35 plaintiffs and 4 of 10 defendants in second action had also been parties to first action].)

Here, the interested parties are the same. In all of the proceedings in the criminal action concerning Garcia's porphyria, he was seeking relief against the Sheriff. In his November 15, 2021 application, he specifically requested orders directed to the Sheriff's Department. At the hearing on November 19, 2021, counsel appeared "on behalf of the [S]heriff's [D]epartment." The trial court noted "just for the record, the People are not present since this is an ex parte hearing requested by the defense regarding some medical issues."

We are not saying that the Sheriff's appearance made him a party to the criminal action for all purposes. Nevertheless, no matter how the proceedings in the criminal action concerning Garcia's porphyria are characterized, the parties to those proceedings included both the Sheriff and Garcia, who are also the parties to the habeas proceeding.

Second, Garcia argues that the habeas proceeding does not collaterally attack any prior criminal judgment. He relies on *Maas*. There, the petitioner filed a habeas petition in 2013 challenging a 1998 conviction. (*Maas*, *supra*, 1 Cal.5th at p. 970.) The main

question was whether he could file a section 170.6 challenge to the judge in the habeas proceeding even before an order to show cause had issued.  (*Ibid*.)  The Supreme Court held that he could.  (*Id*. at pp. 975-983.)

It began by saying, "The question presented in the case involves an interplay between a litigant's right to disqualify a superior court judge for prejudice under section 170.6, and the procedures governing a petitioner's challenge to his or her criminal conviction or sentence by way of a petition for writ of habeas corpus." (*Maas*, *supra*, 1 Cal.5th at p. 972.)  Also, in explaining what a habeas proceeding is, it observed, "A habeas corpus proceeding is not a criminal action.  Rather, as relevant here, it is an independent, collateral challenge to an earlier, completed criminal prosecution. [Citation.]"  (*Id*. at p. 975.)

The court held that the habeas proceeding before it was a continuation of the criminal action.  (*Maas*, *supra*, 1 Cal.5th at pp. 979-980.)  Nevertheless, it concluded that the petitioner was entitled to file a section 170.6 challenge, because the habeas proceeding had been assigned to a different judge than the criminal action.  (*Maas, supra,* at pp. 980-981.)

Garcia seizes on the language in *Maas* characterizing a habeas proceeding, "as relevant here," as a collateral challenge to a final judgment of conviction.  (*Maas*, *supra*, 1 Cal.5th at pp. 979-980.)  However, it did not hold that that is the *only possible* kind of habeas proceeding; it is not.  And *Maas* did not hold that a habeas proceeding *cannot* be a

13

continuation of a criminal proceeding *unless* it is a collateral attack on a conviction. That question simply was not before the court.

In a third argument (related to the second), Garcia argues that the habeas proceeding is not a continuation of the criminal action because the criminal action is still pending. However, *Maas*'s definition of a "continuation" does not require that the first proceeding be finished. In the civil context, a second proceeding has been held to be a continuation of a first, even though the first had not yet concluded. (*Andrews v. Joint Clerks etc. Committee*, *supra*, 239 Cal.App.2d at pp. 295-296.)

Admittedly, the original rationale for the continuation rule may appear to support this argument. The Supreme Court has explained that "[a]lthough the statute does not expressly so provide, it follows that, since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." (*Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 190 (*Jacobs*).) Arguably, then, if there has been no trial in the original proceeding, a section 170.6 challenge is not barred, even in a continuation of the original proceeding.

*Jacobs*, however, was referring to the general rule that a section 170.6 challenge must be made, *at the latest*, before trial. In other words, *whenever* the time to raise a section 170.6 challenge in the original proceeding has run, a challenge is also barred in the continuation. Arguably, if the time to raise a section 170.6 challenge in the original proceeding has *not* run, a challenge *can* be made for the first time in the continuation. Here, however, because the criminal action was assigned to Judge Villalobos for all

14

purposes on June 30, 2020, in open court, the time to bring a section 170.6 challenge expired 10 days after notice of the all purpose assignment — i.e., on July 10, 2020. Hence, it had already expired long before the habeas proceeding was filed.

We therefore conclude that Judge Villalobos properly denied Garcia's section 170.6 challenge as untimely.

## IV

## DISPOSITION

The petition for extraordinary writ is denied and the stay is dissolved.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ
P. J.

We concur:

MILLER
J.

RAPHAEL
J.

15